**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Dontae Smith, | No. CV-25-02518-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tempe, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served.

Under § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

1   "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

The Court concludes that the complaint properly alleges jurisdictional facts and, liberally construed, is "sufficient to meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).[2] However, the Tempe Police Department "is a non-jural entity" in that it "is a subpart of the City of Tempe and not a separate entity for the purposes of a lawsuit," and at any rate, "where the City of Tempe is already named as a Defendant, the Tempe Police Department's presence is superfluous." *Williams v. City of Tempe*, 2018 WL 4184911, *2 (D. Ariz. 2018) (cleaned up). Thus, the Tempe Police Department is dropped. Fed. R. Civ. P. 21

---

[2] "[T]he sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that [a] defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1  ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its
2  own, the court may at any time, on just terms, add or drop a party.").

3  Plaintiff has not yet requested that the Court serve the complaint and summons.
4  Plaintiff is indigent and is entitled to have the Court "issue and serve all process" at
5  Plaintiff's request. *See* 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3) (service of
6  process available "[a]t the plaintiff's request"); *Boudette v. Barnette*, 923 F.2d 754, 756-
7  57 (9th Cir. 1991) (confronting "an inconsistency" between Rule 4 and § 1915 and
8  concluding that "[a]n IFP plaintiff must request that the marshal serve his complaint
9  before the marshal will be responsible for such service").

10  The Court will not require that a request for service be made via a separate motion.
11  Rather, the Court will order the Clerk of Court to send Plaintiff a service packet, and
12  Plaintiff's prompt return of the service packet will be construed as a request for service to
13  be made by a U.S. Marshal pursuant to Rule 4(c)(3). That request will be honored
14  without the need for another order from the Court.

15  Accordingly,

16  **IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma
17  Pauperis (Doc. 2) is **granted**.

18  **IT IS FURTHER ORDERED** that non-jural entity Tempe Police Department is
19  **dropped** from this action pursuant to Rule 21.

20  **IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff a
21  service packet including the complaint (Doc. 1), this order, and both summons and
22  request for waiver forms for Defendants City of Tempe, Tempe P.D. Sgt. Crites, and
23  Tempe P.D. Sgt. Powell.[3]

24  **IT IS FURTHER ORDERED** that if Plaintiff does not complete and return the
25  service packet to the Clerk of Court within 30 days of the date of filing of this Order (and
26  does not personally obtain a waiver of service or complete service), the action may be

---

[3] The U.S. Marshal will not be ordered to attempt to serve unknown Defendants "John Doe Officers 1-5" or "Prosecutor (name unknown)" unless and until Plaintiff provides identifying information about these Defendants.

1 | dismissed. Fed. R. Civ. P. 4(m).

2 | **IT IS FURTHER ORDERED** that if Plaintiff completes and returns the service packet to the Clerk of Court within 30 days of the date of filing of this Order, the U.S. Marshal shall send to each Defendant a request for waiver pursuant to Rule 4(d)(1). If a Defendant does not waive service, the U.S. Marshal shall effectuate service. The Court may impose expenses incurred in making service on such Defendant pursuant to Rule 4(d)(2).

**IT IS FURTHER ORDERED** that <u>a defendant who agrees to waive service of the summons and complaint must return the signed waiver forms</u> **to the United States Marshal**<u>, not the Plaintiff</u>.

Dated this 28th day of July, 2025.

_____
Dominic W. Lanza
United States District Judge

- 4 -